The order below is hereby signed.

Signed: December 19, 2005.



```
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
SER CORPORATION,               )    Case No. 04-01249
                               )    (Chapter 11)
          Debtor.              )
_____  )
                               )
SER CORPORATION,               )
                               )
                               )
          Plaintiff,           )
                               )
     v.                        )    Adversary Proceeding No.
                               )    04-10086
RAPID PAY, LLC, et al.,        )
                               )
          Defendants.          )
```

OPINION RE MOTION FOR SUMMARY JUDGMENT

The plaintiff's motion for summary judgment, directed against two of the defendants, Rapid Pay, LLC, and Stephanie S. Nimberg, will be granted in part.

I

The plaintiff invokes § 362(h) of the Bankruptcy Code (11 U.S.C.) in seeking damages beyond the recovery of the seized

funds, that is, in seeking attorneys' fees and punitive damages. However, the plaintiff is a corporation, not an individual, and, as this court has previously ruled, § 362(h) only permits individuals damaged by violations of the automatic stay to recover damages under § 362(h).  In re Franklin Mortgage & Inv. Co., 143 B.R. 295, 303 (Bankr. D.D.C. 1992).  See also In re Just Brakes Corporate Sys., Inc., 108 F.3d 881, 884 (8th Cir. 1997); In re Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1550 (11th Cir. 1996); In re Goodman, 991 F.2d 613, 619 (9th Cir. 1993); In re Chateaugay Corp., 920 F.2d 183, 185 (2d Cir. 1990). But see In re Atl. Bus. & Cmty. Corp., 901 F.2d 325, 329 (3d Cir. 1990); Budget Serv. Co. v. Better Homes of Va., Inc., 804 F.2d 289, 292 (4th Cir. 1986).

Nevertheless, a corporation may recover damages for violation of the automatic stay by virtue of 11 U.S.C. § 105, which permits the court to issue appropriate orders in enforcement of the Bankruptcy Code.  It is appropriate to issue civil contempt orders to enforce the automatic stay provisions of the Bankruptcy Code.  The amended complaint invokes § 105 in urging that § 362(h) be made applicable in this case.  The court rejects the contention that § 105 can override the plain language of § 362(h) to make the remedies of that provision available to a corporation.  Nevertheless, § 105 is invoked in favor of obtaining damages, and to the extent that such damages are

recoverable for civil contempt, the amended complaint sufficiently pleads a basis for recovery of such damages for violation of the automatic stay.

II

With respect to the seizure of funds and the recording of a lien, the motion for summary judgment sets forth clear and convincing evidence of violation of the automatic stay by both Rapid Pay, LLC, and Stephanie S. Nimberg.  The plaintiff is thus entitled to compensatory contempt sanctions, which include recovery of the amount improperly seized and retained as well as attorneys' fees incurred in pursuing the contempt sanctions.  The plaintiff, however, is not entitled to recover punitive damages.  Although coercive contempt fines may be imposed to address civil contempt, the plaintiff does not contend that the seized funds are an identifiable *res* which may be traced and as to which a coercive contempt sanction would thus be appropriate.

III

The malicious prosecution lawsuit that was pursued in New York against the plaintiff's law firm does not appear to have violated the automatic stay: it is not an action against the debtor, and although it may have been brought in an attempt to intimidate the plaintiff-debtor's law firm, that does not constitute a violation of the automatic stay.  However, the malicious prosecution lawsuit grew out of the plaintiff's pursuit

through the law firm of this adversary proceeding which was necessitated by the violations of the automatic stay.  The plaintiff, to the extent it was required, by reason of the terms of its employment of the law firm or as a matter of law to reimburse the law firm for attorneys' fees and expenses incurred by reason of the malicious prosecution lawsuit, is entitled to include such reimbursement of fees and expenses as part of its damages arising from the violations of the automatic stay.  To the extent that the plaintiff was not required to reimburse the law firm, then the law firm itself would be the party to pursue contempt sanctions (but the court does not decide if it would have a valid contempt claim for an act--the malicious prosecution lawsuit--that in and of itself did not amount to a violation of the automatic stay).

IV

The plaintiff is additionally entitled to recover the moneys seized by the defendants on the alternative basis of the turnover and accounting remedies invoked in the complaint, but obviously not to a double recovery in addition to the contempt award.

[Signed and dated above.]

Copies to:

All counsel of record; Office of United States Trustee; and:

Lawrence Morrison, Esq.
17 Battery Place, Suite 1330
New York, NY 10004

Stephanie S. Nimberg
6 Jodi Court
Cherry Hill, NJ 08003

Stephanie S. Nimberg
9 Quaker Road
Princeton Junction
New Jersey 08550

Rapid Pay, LLC
c/o Gerald Nimberg
6 Jodi Court
Cherry Hill, NJ 08003